In re ELECTRIC PUBLIC SERVICE CO.

No. 1109.

District Court, D. Delaware.

Nov. 16, 1934.

John J. Morris, Jr., of Wilmington, Del., and Thomas V. Sullivan and Morris Schaeffer, both of Chicago, Ill., for petitioning creditors.

John Biggs, Jr., of Wilmington, Del., for debtor and receivers of debtor.

NIELDS, District Judge.

This is a proceeding instituted under section 77B of the Bankruptcy Act (11 USCA § 207) for the reorganization of a corporation. The petition was filed October 4, 1934, by three creditors of the debtor. An answer to the petition was filed by the debtor and by receivers of the debtor appointed by the Court of Chancery of the state of Delaware.

Section 77B, par. (a), 11 USCA § 207 (a) prescribes: "Upon the filing of such a petition * * * the judge shall enter an order either approving it as properly filed under this section if satisfied that such petition * * * complies with this section and has been filed in good faith, or dismissing it."

The debtor is a public utility holding company. Its assets consisted of the capital stock of eight subsidiary corporations. Prior to the equity receivership it had outstanding 15-year 6 per cent. secured gold bonds of the principal amount of $4,041,500; 15-year 6 per cent. gold debentures of the par value of $2,201,000; and ordinary notes of the par value of $650,000. These liabilities aggregate $6,892,500. Payment of interest on the bonds and debentures was in default.

March 7, 1932, upon bill filed in the Court of Chancery of Delaware against the debtor, receivers were appointed who are still acting. April 24, 1933, a proposed plan of reorganization was filed in the receivership proceeding. July 11, 1934, the Chancellor entered a decree declaring the plan just, fair, and equitable, and approving the issuance and exchange of securities as provided therein. Prior to the commencement of this proceeding, all of the assets of the debtor were sold by the receivers to the reorganization committee. The committee has incorporated Crescent Public Service Company, which acquired substantially all of the assets of the debtor, except the cash. This company executed a trust indenture securing new bonds. These bonds with stock have been issued to those entitled to participate under the plan of reorganization. The receivers only hold cash, about $24,000 in amount. Claims in excess of $9,000,000 have been filed in the Chancery proceeding. To claims aggregating $8,625,066.67 no exceptions have been taken. An early disposition of pending matters will permit of a final distribution of the cash and closing of the estate.

It thus appears that no plan of reorganization can be worked out. It would be futile to take the steps required by section 77B. A possibility of reorganization must exist to meet the test of good faith. In re South Coast Co. (D. C.) 8 F. Supp. 43.

I am satisfied that the creditors' petition was not filed in good faith and must be dismissed.